# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

WAYNE H. NORMAN,

    Plaintiff,

vs.

COTTONWOOD FINANCIAL
LIMITED, d/b/a CASH STORE,

    Defendant.

Civil Action No.

**3-16CV3149-C**

## COMPLAINT

NOW Comes the Plaintiff, Wayne H. Norman, by and through himself and for his Complaint against the Defendant, Cottonwood Financial Limited, d/b/a Cash Store, and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Cottonwood Financial Limited, d/b/a Cash Store, – (hereinafter, "CFB"), to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of (CFB), including but not limited to (CFB), in negligently, knowingly, and/or willfully contacting

1 | Page

Plaintiff on his cellular telephone without his prior express consent within the meaning of the TCPA. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

2. (CFB), has violated the TCPA by contacting the Plaintiff on his cellular telephone via an "automatic dialing system," as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. section 1331.

## PARTIES

4. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is a natural person who resides in the county of Cook, state of Illinois.

5. COTTONWOOD FINANCIAL LIMITED, d/b/a CASH STORE, (hereinafter, "Defendant"), is a "for profit" loan company with a corporate address of 1901 Gateway Drive, Irving, TX 75038, and is a "person" as find by 47 USC section 153(39).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2 | Page

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8. Per findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are nuisances.

9. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii). [3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…" It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—…"

## ALLEGATIONS OF FACT

11. On September 22nd of 2016, Plaintiff inquired about a title loan with Cash Store via the internet. Soon after, Plaintiff was contacted by a Cash Store representative from (817) 402-3041. Plaintiff explained to the representative that he had a "Texas" car title and would that be a problem. The representative informed Plaintiff that he was calling from the corporate office regarding his online application, and that he needed to ask the local store representative that question. Plaintiff thanked the representative and proceeded to call a local store. Plaintiff called (630) 629-8583, a local Cash Store and spoke with a female representative. Plaintiff explained his situation regarding his title and asked her if they could accommodate him. The representative put Plaintiff on hold and spoke to her supervisor. After speaking with her supervisor, the representative came on the line and told Plaintiff that they would not be able to accommodate him. Plaintiff thanked the representative and pursued other means.

12. On September 29th, 2016, Plaintiff received the first of many phone calls from (877) 201-7627. Plaintiff answered the phone and a female representative informed him that she was calling on behalf of Cash Store about his inquiry and asked was he still interested in a title loan. Plaintiff explained to her that he was no longer interested because he had a Texas title and they didn't accept out-of-state titles. The representative told Plaintiff that he was right, thanked him, and hung up. However, the phone calls continued.

13. Plaintiff would answer the calls, here a short pause, a clicking sound, then a prerecorded voice say "Stay on the line" and a representative would come on the line asking for "Wayne Norman." Plaintiff would just hang up.

14. Plaintiff received approximately seven (7) phone calls after telling the first representative that he was no longer needed their services.

15. Upon information and belief, the Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

16. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

17. Defendant's telephone calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice" or placed by "an automatic telephone dialing

system" for non-emergency purposes and in the absence of the Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

18. Plaintiff specifically told the Defendant that he had did not need their services yet the phone calls continued.

19. Under the TCPA and pursuant to the FCC's July 2015 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statue.

20. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

21. Plaintiff suffered harm and damages in the form of invasion of privacy, and harassment due to the continuous unwarranted phone calls, as well as additional data rate charges to his cellular telephone plan.

22. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a solicitation phone call from the Defendant.

23. Plaintiff suffered harm and damages in the form of nuisance due to the frequency of the phone calls and the resentment and anger Plaintiff felt because of them.

## QUESTIONS OF LAW

24. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice;

b. Whether Defendants conduct was knowing and/or willful;

c. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA

## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. § 227, ET SEQ.

23. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

24. The seven (7) phone calls were made to Plaintiff's cellular phone using prohibited equipment without his expressed consent.

25. Because of Defendants violations of 47 U.S.C. § 227et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each call-in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

a) Because of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each call that violated the TCPA;

b) Because of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $500.00 for each call that violated the TCPA;

c) Actual damages from the Defendant for all damages including emotional distress, data usage, and nuisance as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

d) A trial by jury on all issues so triable;

e) Such other and further relief as may be just and proper.

Respectfully submitted,

Wayne H. Norman
3010 Finley Drive
Downers Grove, Illinois 60515
whnorman@hotmail.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WAYNE H. NORMAN

**(b)** County of Residence of First Listed Plaintiff: **COOK**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
COTTONWOOD FINANCIAL d/b/a CASH STORE

County of Residence of First Listed Defendant: **DALLAS**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

3-16CV3149-C

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227
Brief description of cause:
VIOLATION OF THE TELEPHONE CONSUMER REPORTING ACT ("TCPA")

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 11/4/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #
AMOUNT
APPLYING IFP
JUDGE
MAG. JUDGE